# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLEEN M. HARMEL, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> TERRY HUGHES TREE SERVICE, INC., a Nebraska Corporation; <br><br> Defendant. | 8:18CV401 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Strike, ECF No. 7, filed by Defendant Terry Hughes Tree Service, Inc. (THTS). For the reasons stated below, the Motion will be granted.

## BACKGROUND

Plaintiff Kayleen Harmel brought this action against THTS for age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, the Nebraska Age Discrimination in Employment Act (NADEA); Neb. Rev. Stat. § 48-1004; and the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. § 48-1114. Compl., ECF No. 1. In her request for relief, Harmel listed "[p]unitive damages for THTS's knowing violation of federal discrimination laws." *Id.* at Page ID 6. THTS filed the pending Motion to Strike under Federal Rule of Civil Procedure 12(f) arguing Harmel's request for punitive damages should be stricken because such damages are not recoverable under the ADEA, the NADEA, or the NFEPA. Harmel did not respond to THTS's Motion.

## DISCUSSION

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Because Harmel cannot recover punitive damages under Nebraska law, *O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) (citing Neb. Const. art. VII, § 5), the Court must determine whether punitive damages are recoverable under the ADEA. If not, the Court will strike Harmel's request for punitive damages from the Complaint. *See BJC Health Sys.*, 478 F.3d at 917.

Section 626(b) of the ADEA provides, in relevant part, that

> [t]he provisions of this chapter shall be enforced in accordance with the . . . remedies . . . provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

29 U.S.C. § 626(b) (emphasis in original). The Eighth Circuit has explained that § 626(b) "contains two tiers of liability. It awards compensatory damages when an employer violates the [ADEA] and liquidated damages when that violation is willful." *Spencer v. Stuart Hall Co., Inc.*, 173 F.3d 1124, 1129 (8th Cir. 1999). "Liquidated damages serve as a deterrent to willful violations of the [ADEA], and while there is an

aspect to such damages that is punitive in nature, they are not the equivalent of punitive damages." *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992) (internal citations omitted); *see also Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 640 (8th Cir. 1997) (quoting *Wiehoff v. GTE Directories Corp.*, 61 F.3d 588, 593 (8th Cir. 1995) ("Liquidated damages amount to a punitive double recovery, 'intended to deter willful conduct.'")). "Punitive damages are not recoverable under the ADEA." *Williams*, 964 F.2d at 729 (citing 29 U.S.C. § 621-34).[1]

Based on the foregoing Eighth Circuit precedent, the Court finds that Harmel cannot recover punitive damages under the ADEA. *Id.* She may seek compensatory and liquidated damages, which are expressly provided for in § 626(b).[2] *Spencer*, 173 F.3d at 1129. Accordingly,

IT IS ORDERED:

1. The Motion to Strike, ECF No. 7, filed by Defendant Terry Hughes Tree Service, Inc., is granted; and

2. The request for punitive damages in Plaintiff Kayleen Harmel's Complaint is stricken.

Dated this 13th day of December, 2018.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] In *Lenius v. Deere & Co.*, the Northern District of Iowa addressed the argument that the Eighth Circuit's determination in *Williams*—that punitive damages are not recoverable under the ADEA—is distinguishable in retaliation cases. 924 F. Supp. 2d 1005 (N.D. Iowa 2013). The court ultimately "conclude[d] that . . . punitive damages are not recoverable under the ADEA, whether the claim is one of discrimination or retaliation." *Id.* at 1011. Regardless, Harmel failed to make this argument or otherwise respond to THTS's Motion.

[2] The Court will not require Harmel to amend her Complaint to seek compensatory and liquidated damages under § 626(b).

3